




Nick Miletak – In Pro Per
14745 Conway Avenue
San Jose, California 95124
Tel: 408-369-9696

## NORTHERN DISTRICT OF CALIFORNIA
## FEDERAL COURT SAN JOSE BRANCH

| | |
|---|---|
| NICK MILETAK | Case No.: **CV 15 4181 NC** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| | 1. 15 U.S.C. § 1681e(b) |
| STERLING INFOSYSTEMS, INC., | 2. 15 U.S.C. § 1681k |
| | 3. CA Civil Code § 1786.29 |
| Defendant. | 4. Defamation of Character - Libel |
| | 5. Intentional Infliction of Emotional Distress |
| | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Nick Miletak submits this claim for damages and respectfully alleges as follows:

### I. NATURE OF ACTION

1. This is an individual consumer complaint against Defendant Sterling Infosystems, Inc. (hereafter "Sterling or agencies in the United States, based upon Sterling's widespread and systemic non-compliance Defendant"), one of the largest consumer reporting with both the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.* ("FCRA") and the California Fair Credit Reporting Act, CA Civil Code §1786.10-1786.40 et seq. ("CA-FCRA").

2. Plaintiff, Nick Miletak, alleges that the Defendant provided two incorrect reports to two separate potential employers to include Hertz & Manpower. The two incorrect background reports prepared by Sterling unlawfully reported an active felony in the County of Santa Clara with the Plaintiff as the subject of the background reports. The Plaintiff has no criminal record which is lawfully reportable. This complaint charges Sterling with systematically failing to use reasonable procedures to ensure that the public record information

that Sterling reports to employers or prospective employers is complete and up to date. Had such procedures, such as inspecting the actual public records, been used with regard to the Plaintiff, it would have been clear that the felony that Sterling reported was incorrect. This complaint also charges Sterling with systematically failing to provide legally required notices that can help individuals like the Plaintiff ensure accuracy of their reports and otherwise protect their rights. In particular, Sterling failed to provide the Plaintiff with a required contemporaneous notice that it is giving adverse information about them to employers (and potential employers). Sterling also failed to provide notice about the right to request a description of the procedure Sterling uses to determine accuracy and completeness of the information reported.

3. Sterling's unlawful business practices not only harmed the Plaintiff but have the potential to harm hundreds, if not thousands, of consumers in California and throughout the country, including individuals with criminal record histories. Despite a multitude of civil complaints previously filed against this Defendant Sterling continues to allow flagrant errors in the processing of background checks. Furthermore, Sterling's unlawful business practices are precisely the types of practices that the FCRA was enacted to prevent. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate, 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports." The CA-FCRA was molded after the FCRA in many respects although it contains several distinct provisions and duties. Sterling has thwarted the legislative purpose of the FCRA and the CA-FCRA by engaging in unlawful practices that appear to place its business interests above the rights of the consumer.

## II. PARTIES

4. Plaintiff, Nick Miletak is an adult residing in San Jose, California County of Santa

Clara.

5. Defendant Sterling Infosytems, Inc., is a corporation incorporated in the State of Delaware on April 14, 2003 under file number 3647310 and has a principal place of business located at 1 State Street Plaza, 24th Floor, New York, New York, 10004. According to its website, "Sterling Infosytems is the world's largest company focused entirely on background checks." http://www.sterlinginfosytems.com/about-sterling.htm .

### III.  JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter based on 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* and concurrent jurisdiction under California State causes of action 3, 4 & 5.

7. Venue lies properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

### IV.  STATEMENT OF FACTS

8. Sterling is one of the largest of the nation's employment background screening companies. Such companies are "consumer reporting agencies" (CRAs) that provide "consumer reports," as those terms are defined by 15 U.S.C. § 1681a(f) and § 1681a(d)(1)(B), to prospective employers.

9. To carry out its business activities and objectives, Sterling enters into contracts with various vendors and companies which sell Sterling a whole host of consumer information that Sterling then in turn resells to employers who are seeking to hire or make other employment decisions. Such vendors include public records vendors as well as other CRAs, such as Trans Union and Lexis Nexis.

10. The typical information that Sterling gathers, and assembles for resale to an employer in connection with a background check, includes credit report history, national

criminal database data, state and local criminal records, driver's history, and residential/address history associated with social security number and date of birth. Sterling assembles such data and delivers it to an employer electronically, usually through a login portal or interface. In addition to the raw data, Sterling often additionally provides a "rating" of such information based upon criteria previously supplied by the employer, and sends the consumer adverse action notification on behalf of an employer customer when the data fails to meet the employers criteria.

11. A criminal record can be the most significant component of a background check and can often negatively impact a consumer's application for employment or a consumer's employment. As a result, both the FCRA and the CA-FCRA contain specific provisions that impose duties of special care that CRAs must take when reporting public records in connection with employment. 15 U.S.C. § 1681(a); CA Civil Code § 1786.10-1786.40.

12. Both the FCRA and CA-FCRA require that, in connection with the reporting of a public record, unless the public records reported by the CRA are completed and up to date, it must provide the consumer with a specific notification "at the time" it provides the record to an employer. 15 U.S.C. § 1681(a); CA Civil Code § 1786.10-1786.40. This duty is in addition to the usual duty to follow reasonable procedures to assure "maximum possible accuracy" imposed by both laws. 15 U.S.C. § 1681e(b); CA Civil Code § 1786.18(c).

13. Sterling represents to its employer customers, to consumers who request copies of their background checks and to the general public that the criminal records it sells are complete, up to date and accurate. Sterling represents in its background check reports that the criminal information it report matches "exactly" the information reported by local courts, and that it only reports criminal information when there is an "exact match between the full name and date of birth provided by the subject and the court record." Sterling also represents to the public that its reports provide "unbeatable speed and accuracy." http://www.sterlinginfosytems.com .

14. These representations are grossly and recklessly false. Sterling's representatives have acknowledged under oath in other litigation that Sterling does not actually get the full and complete actual public record prior to selling a background check. In addition, as demonstrated

more fully below, Sterling's reports are often riddled with damaging errors that misattribute the criminal history of *other* individuals, incorrectly report the existence of active charges and ignore items that are not legally reportable on a job applicant's or employee's background report. Sterling's reports contain such errors because Sterling obtains incomplete, incorrect and truncated criminal record data, uses poor matching criteria and logic, and has inadequate report preparation procedures which fall far below the "maximum possible accuracy" standards required by the FCRA and CA-FCRA.

15. As a result of Sterling's failure to obtain and report public records that are complete and up to date, it is required to provide consumers with FCRA specified notification at the time it provides a consumer report to an employer, which it fails to do pursuant to corporate policy.

16. Sterling's non-compliance with the FCRA extends beyond the point of sale of a background check. When consumers request their files from Sterling, Sterling fails to provide them with all of the information required by the FCRA and CA-FCRA.

**The Facts Pertaining to Plaintiff Nick Miletak**

17. On July 12, 2015 and July 15, 2015 respectfully or thereabouts the Plaintiff Nick Miletak applied for employment with both Hertz as a Management Trainee and with Manpower Staffing as a Material Handler III. In both instances the Plaintiff was interviewed and offered a job with Hertz as a Rental Agent and with Manpower Staffing a job as Material Handler III placed with Abbott Laboratories.

18. Subsequent to the interviews and pursuant to the policies of both employers the Plaintiff filled out a written application. In filling out the application, Mr. Miletak lawfully answered the questions whether he had ever been convicted of a crime in the negative. He also completed a drug test in connection with both job offers.

19. Pursuant to their contractual relationships with Sterling both Hertz and Manpower Staffing then ordered an employee background check on Mr. Miletak from Sterling.

20. In response to Hertz and Manpower Staffing requests, on or around July 29, 2015, Sterling sold them an employment consumer report pertaining to the Plaintiff Nick Miletak that contained grossly incorrect and stigmatizing criminal record data. Specifically the Hertz background report disclosure page of the report which is also the first page and the header indicates the status as "COMPLETE REPORT: ADVERSE". On the second page of the report in the County Criminal Record Release section the report lists one ACTIVE felony conviction for PC Rehabilitation/Certificate.

21. The incorrect criminal record contained in the Sterling employment report for Hertz provided incorrect information relating to the Plaintiff in that it listed a non-reportable application for further relief in the form of a Certificate of Rehabilitation from the court, above and beyond the expungement granted in 2005, as an ACTIVE felony case. As explained in more detail below, the sole reason for the incorrect criminal records were reported was that Sterling failed to use reasonable procedures to assure the maximum possible accuracy in preparing the Sterling employment report, and failed to obtain the complete and up to date records at issue prior to issuing the report. Had Sterling followed such duties, it would have discovered that such records were non-reportable and would not have included them to his prospective employers.

22. The Hertz background report also failed to utilize the correct sized font on the disclosure notice per the CA-FCRA. According to the CA Civil Code § 1786.29 the disclosure page are as follows:

```
1786.29. An investigative consumer reporting agency
shall provide the following notices on the first page of
an investigative consumer report:
(a) A notice in at least 12-point boldface type setting
forth that the report does not guarantee the accuracy or
truthfulness of the information as to the subject of the
investigation, but only that it is accurately copied
from public records, and information generated as a
result of identity theft, including evidence of criminal
activity, may be incorrectly associated with the
consumer who is the subject of the report.
```

The Plaintiff believes that the actual font used was Arial 9.5-point font rather than the required 12-point font.

23. Any routine reference to, casual consideration of or rudimentary inspection of the actual public record referenced in the Sterling employment report by a reasonable person or company would have revealed that the disclosure of the Rehabilitation/Certificate was not legally permissible and factually incorrect. Any simple computer programmed or automated cross-referencing procedure of the actual court data with the personal identifying information of Mr. Miletak would have also raised significant caution that the information Sterling reported to Hertz and Manpower Staffing was incorrect.

24. In addition to recklessly reporting incorrect criminal history about Mr. Miletak to Hertz and Manpower Staffing, Sterling knowingly and intentionally communicated the following statements:

> **THE CRIMINAL INFORMATION REPORTED IN THIS REPORT APPEARS *EXACTLY* AS IT IS RECEIVED FROM THE LOCAL JURISDICTIONS AND MAY CONTAIN INFORMATION THAT MAY BE PROHIBITED FOR USE IN MAKING HIRING DECISION; and**
>
> **Results pertaining to the subject's potential criminal background results are only included in the report *if there is an exact match between the full name and date of birth provided by the subject and the court record.***

(Emphasis added).

25. Such identical language appeared in the thousands of Sterling reports sold throughout the country and is uniformly false when Sterling does not retrieve and communicate the complete and actual full public record.

26. On or about July 30, 2015 Sarah Rodriguez from Manpower telephoned Mr. Miletak and left a message requesting a return call. When Mr. Miletak returned the call on July 31, 2015, Sarah informed him that the background check for Manpower was not favorable and contained the same criminal history information as was contained in the Hertz background report. Without having access to the original incorrect report prepared for Manpower Mr. Miletak spoke with Sarah and he informed her that the negative information was relating to an

7

expungement he received in 2005. Mr. Miletak also informed Sarah Rodriguez that the current report was incorrect and there was no current felonies pending and that he would dispute the information with Sterling.

27. Fearing the same negative result on the Hertz background report on July 31, 2015 Mr. Miletak logged in to the Sterling website to confirm the incorrect report as provided in #21 in the preceding facts. To his dismay Mr. Miletak confirmed the same ADVERSE report was provided to Hertz and Manpower.

28. On August 3, 2015, and without having access to the Manpower report, Mr. Miletak called Sterling to dispute what Sarah Rodriguez had told him and spoke with a "Becky" at Sterling Customer Relations. She informed him that she would initiate the dispute immediately but that disputes take 5-7 business days to process.

29. On or about August 6, 2015 the Plaintiff, Nick Miletak, received an email from Julia Vilchez-Senior Client Service Executive with Sterling indicating that the charge will be removed from both the Hertz background report and the Manpower background report. The Defendant will not dispute that the information contained in both original reports was incorrect and unlawful.

30. As a result of Sterling's repeated and widespread violations of the FCRA and CA-FCRA, Mr. Miletak has suffered damage to his reputation, embarrassment, humiliation and emotional and mental distress.

## CAUSES OF ACTION

### COUNT I
### FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(b)

31. Plaintiff alleges and incorporates by reference all preceding allegations.

32. Sterling is a "consumer reporting agency," as defined by FCRA, 15 U.S.C § 1681a(f).

33. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is

defined by 15 U.S.C. § 1681a(c).

34. At all times pertinent hereto, the above-mentioned background reports were a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

35. Sterling violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's background report and the files it published and maintained.

36. As a result of Sterling's violations of 15 U.S.C. § 1681e(b), Plaintiff Miletak suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

37. The violations by Sterling were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Sterling was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n and §1681o; and

E. Such other and further relief as may be necessary, just and proper.

## COUNT II
## FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681k

39. Plaintiff alleges and incorporates by reference all preceding allegations.

40. At all times pertinent hereto, Sterling was a consumer reporting agency which furnished consumer reports, "for employment purposes and which for that purpose compiled and reported items of information on consumers which are matters of public record and are likely to have an adverse effect upon [consumers'] ability to obtain employment" as set forth in FCRA section 1681k.

41. As such, Sterling was required to comply with FCRA section 1681k(a)(1) or 1681k(a)(2). On a regular, systemic and admitted basis, Sterling fails to obtain complete up to date public records that it sells to employers, As such, it is required to provide consumers with notice, per 15 U.S.C. § 1681k(a)(1), at the time that it provides public record information to employers. It fails to do either in violation of FCRA section 1681k(a).

42. The violations by Sterling were willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Plaintiff is entitle to recover actual damages, statutory damages, costs and attorneys's fees from Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n and §1681o; and

E. Such other and further relief as may be necessary, just and proper.

## COUNT III
## CA CIVIL CODE § 1786.29

43. Plaintiff alleges and incorporates by reference all preceding allegations.

44. At all times pertinent hereto, Sterling was a consumer reporting agency which furnished consumer reports, "for employment purposes and which for that purpose compiled and

reported items of information on consumers which are matters of public record and are likely to have an adverse effect upon [consumers'] ability to obtain employment" as set forth in FCRA section 1681k.

45. As such, Sterling is required to comply with CA-FCRA section § 1786.29. The requirement under § 1786.29 states "(a) A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be incorrectly associated with the consumer who is the subject of the report." The actual font used on the Hertz background report was measured and found to be Arial 9.5 font substantially smaller than the clear requirements of the CA-FCRA.

46. The violations by Sterling were willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to CA-FCRA § 1786.50. Plaintiff is entitled to recover actual damages, statutory damages of ten thousand dollars ($10,000), whichever sum is greater, costs and attorneys' fees from Sterling in an amount to be determined by the Court pursuant to § 1786.50.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorneys' fees pursuant to §1786.50; and

E. Such other and further relief as may be necessary, just and proper.

## COUNT IV
## DEFAMATION OF CHARACTER - LIBEL

47. Plaintiff alleges and incorporates by reference all preceding allegations.

48. At all times pertinent hereto, Sterling was a consumer reporting agency which

furnished consumer reports, "for employment purposes and which for that purpose compiled and reported items of information on consumers which are matters of public record and are likely to have an adverse effect upon [consumers'] ability to obtain employment" as set forth in FCRA section 1681k.

49. Defamation, which consists of both libel and slander, is defined by case law and statute in California. See Cal. Civ. Code §§ 44, 45a, and 46.

The elements of a defamation claim are:

1. Intentional publication of statement of fact that is false;

2. Statement that is unprivileged

3. Statement has natural tendency to injure or which causes special damage.

Defamation is an invasion of the interest in reputation. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 53, Cal. Rptr. 3d 752, 764 (3d Dist. 2007). To recover for defamation, a private figure only needs to prove that defendant acted negligently in publishing false information about the individual, while a public figure must prove by clear and convincing evidence that the publication was motivated by actual malice. Carafano v. Metrosplash.com Inc., 207 F. Supp. 2d 1055, 1070, 30 Media L. Rep. (BNA) 1577 (C.D. Cal. 2002), aff'd on other grounds, 339 F.3d 1119, 37 Media L. Rep. (BNA) 1572 (9th Cir. 2003) and (holding modified by, Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 36 Media L. Rep. (BNA) 1545 (9th Cir. 2008)).

Publication, which may be written or oral, means communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. Publication need not be to the "public" at large; communication to a single individual other than the plaintiff is sufficient. Republishing a defamatory statement made by another is generally not protected.

50. In the instant matter Sterling provided a published statement in the form of a background report to two separate third parties Hertz & Manpower.

51. The statements made in conjunction with both Hertz and Manpower background

reports prepared by Sterling the information contained in the reports about the Plaintiff was false and unprivileged at the time they were made.

52. The grossly false and incorrect information contained in the reports has caused irreparable harm to the Plaintiff's reputation in both his personal and professional capacities, and ability to earn a living in his occupation.

53. As a proximate result of Defendant's defamation of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

54. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive (profit at expense of accuracy) amounting to despicable conduct, and in conscious disregard of plaintiffs rights. With the multitude of civil complaints previously filed against this Defendnat for the exact same transgression no progress has been made in establishing procedures to ensure maximum accuracy in preparation of the background reports. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

55. Actual damages;

56. Statutory damages;

57. Special damages;

58. Punitive damages;

and

59. Such other and further relief as may be necessary, just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff alleges and incorporates by reference all preceding allegations.

61. At all times pertinent hereto, Sterling was a consumer reporting agency which furnished consumer reports, "for employment purposes and which for that purpose compiled and reported items of information on consumers which are matters of public record and are likely to have an adverse effect upon [consumers'] ability to obtain employment" as set forth in FCRA section 1681k.

62. The essential elements to pleading an action for intentional infliction of emotional distress under California law are:

1. Outrageous conduct by the defendant
2. Intention to cause or reckless disregard of the probability of causing emotional distress;
3. Severe emotional suffering; and
4. Actual and proximate causation of the emotional distress.

63. To state a cause of action for intentional infliction of emotional distress, the conduct alleged must be so extreme and outrageous as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Hailey v. California Physicians' Service*, 158 Cal. App. 4th 452, 69 Cal. Rptr. 3d 789, 806 (4th Dist. 2007), as modified on denial of reh'g, (Jan. 22, 2008). Generally, a plaintiff may not recover for intentional infliction of emotional distress unless the distress suffered has been severe. Hailey v. California Physicians' Service, 158 Cal. App. 4th 452, 69 Cal. Rptr. 3d 789, 808 (4th Dist. 2007), as modified on denial of reh'g, (Jan 22, 2008).

64. By the conduct alleged above, which is prohibited under 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681k, Cal. Civ. Code §§ 44, 45a, & 46, CA Civil Code § 1786.18(c) to ensure maximum possible accuracy and CA Civil Code § 1786.29 and the public policy of the State of California, Defendant, acted outrageously, with the intention to cause, or with reckless disregard of the probability of causing Plaintiff severe emotional distress. This conduct, which was unprivileged and unwanted by Plaintiff, actually and proximately caused Plaintiff severe emotional distress.

65. Defendant harmed Plaintiff because those actions caused him to suffer humiliation, embarrassment, mental anguish, and emotional distress. The actions of Defendant injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

66. The conduct of Defendant proximately caused Plaintiff to suffer, and to continue to suffer, damages, including injuries to his person in an amount which will be proven at trial.

67. The malicious and/or oppressive conduct of Sterling was reckless disregard of Plaintiff's rights and therefore warrants the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorneys' fees pursuant to §1786.50; and

E. Such other and further relief as may be necessary, just and proper.

Date: September 10, 2015

_____
Nick Miletak –In Pro Per